(No. 4186

JOHN SHEPHERD, Claimant, *vs.* STATE OF ILLINOIS, Respondent.

*Opinion filed October 20, 1949.*

JOHN SHEPHERD, Claimant, pro se.

IVAN A. ELLIOTT, Attorney General; WILLIAM H. SUMPTER, Assistant Attorney General, for Respondent.

SCHUMAN, C. J.

Claimant, John Shepherd, was employed by respondent in the Department of Public Works and Buildings, Division of Highways. He worked as a laborer, and on the 9th day of February, 1949, at the truckyard of the Division, he was cleaning frozen cinders from a dump truck body for its later use in hauling asphalt. While so engaged, the tail gate of the truck came down on his right hand. His injury included the loss of the distal phalanx of his index finger.

No jurisdictional question is raised. Respondent and claimant were operating under the Workmen's Compensation Act and the accident in question arose out of and in the course of the employment. Respondent furnished complete surgical, medical and hospital treatment.

At the time of the injury claimant was 73 years of age and had no children under the age of sixteen years. The claim was filed within the time provided by the Workmen's Compensation Act.

At approximately 10:00 A. M. on the above day, while occupied with cleaning the frozen cinders from the dump truck body, claimant, standing on the ground, was required to raise the tail gate to remove the cinders. The tail gate slipped from his grasp and fell, crushing his right hand. The end of his index finger at a point just below the nail was almost severed; the top side of his middle finger was lacerated. The respondent took claimant to the Condell Memorial Hospital, Libertyville, Illinois, where Dr. M. D. Penney amputated the right index finger at a line just back of the nail and through the mid-portion of the distal phalanx.

The middle finger has a scar running through the

length of the upper side. It is much thicker in appearance than the same finger on claimant's left hand. In making a fist claimant's right hand cannot be closed normally, a gap of about two inches existing between the end of his middle finger and his palm. Inability to close the middle finger hinders the use of his right hand in gripping objects. As a result of his injury he cannot now use tools with his right hand.

Claimant's earnings, exclusive of overtime, in the year preceding the accident amounted to $1,753.20. Claimant was totally disabled from February 10th to 20th, inclusive, and was paid compensation at the rate of $19.50 a week from the 17th to the 20th of February, inclusive, in the amount of $11.14.

The Departmental report contains the report of Dr. Penney, dated March 22, 1949, concerning claimant's injury. This report in part states as follows:

". . . Nature of Injury—Amputation distal phalanx index finger right. Laceration middle finger right. Treatment—Surgical repair of amputated finger index right hand. Stitches lacerated middle finger. Dressings. Estimated date of discharge—February 9, 1949. Estimated date patient able to work—Possible three to four weeks."

The only question to be determined is the extent of the injury and loss of use of the fingers in question.

On the basis of this record, we make the following award:

For the loss of the first or distal phalanx of the first finger, commonly called the index finger, and for 35% permanent and complete loss of the use of the second or middle finger, the sum of $628.87, payable at the rate of $19.50 per week, all of which has accrued and is ordered payable forthwith.

An award is also entered in favor of William J. Cleary & Co. for stenographic services in the amount of $26.90 which is payable forthwith. The court finds that

the amount charged is a fair and reasonable charge and customary, and said claim is allowed.

This award is subject to the approval of the Governor, as provided in Section 3 of "An Act concerning the payment of compensation awards to State employees."